CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 12, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE  DIVISION**

| | | |
|---|---|---|
| **GOLDIE MARIE PAGE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00609 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JUDGE DEHART, et al.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |

*Goldie Marie Page, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, has filed this action using a form designed for an inmate filing a lawsuit under 42 U.S.C. § 1983.  Page sets forth claims against various individuals for violating her constitutional rights.  Upon review, I conclude that this action must be summarily dismissed for failure to state a claim on which relief may be granted.

Under the Prison Litigation Reform Act, district courts are required to screen initial filings in prisoner civil rights actions.  *Martin v. Duffy*, 977 F.3d 294, 301 (4th Cir. 2020).  The court must dismiss a case "at any time" if it determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Page has submitted this case under 42 U.S.C. § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights.  *Cooper v. Sheehan*,

735 F.3d 153, 158 (4th Cir. 2013).  Because Page has sued multiple individuals under § 1983, I will address each named defendant, including other persons mentioned, in turn.

### 1.  Judge Dehart.

According to Page's pro se Complaint, Judge DeHart "gave [her] a year the max on the mis [sic] Trespass An[d] told [her] that the laws of Virginia don't apply to [her]."  Compl. 5, Dkt. No. 1.

It is well-settled that a judge is generally immune from suit under § 1983. *Mireles v. Waco*, 502 U.S. 9 (1991).  There are two possible exceptions to judicial immunity: (1) "non-judicial actions, i.e. actions not taken in the judge's official capacity" or (2) actions "taken in the complete absence of all jurisdiction."  *Id.* at 11–12.  The challenged conduct by Judge DeHart does not meet these exceptions. First, the judge's actions regarding sentencing are "function[s] normally performed by a judge" and Page "dealt with the judge in his judicial capacity."  *Id.* at 12 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) and identifying these two factors to determine whether an act is a judicial one).  Second, Page does not plausibly allege that the judge lacked jurisdiction to make a determination regarding her sentence. Therefore, Judge DeHart is entitled to judicial immunity, and the claims against him will be dismissed.

2.  Randal Kirk.

Regarding defendant Randal Kirk, who she describes as holding a "Security 3" job title, Page asserts that he "worked [her] under age an[d] ran expirements [sic] on [her] and her family without [her] consent with Security 3 An[d] the envirment [sic] of [her] community an[d] using [her] as a child for child laybor [sic]."  Compl. 5, Dkt. No. 1.

This claim lacks merit for several reasons.  First, it is unclear where Kirk is employed in order to undertake a proper analysis of his conduct under § 1983.  From Page's pleading, I cannot discern whether Kirk is a security officer for a court, the facility where Page is detained, a private company that employed Page in her youth, or otherwise.  Second, child labor claims do not fall under the purview of § 1983 prisoner civil rights cases; rather, they should be brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 212.  Even so, public records[1] indicate that Page is thirty-eight years old, so any child labor claims would be time-barred under FLSA. *See Martin v. Deiriggi*, 985 F.2d 129, 135 (4th Cir. 1992) ("The FLSA provides a statute of limitations of two years unless the cause of action arises from a 'willful violation,' in which case a three-year statute of limitations period applies.") (citing

---

[1] The court may consider and take judicial notice of official public records when testing the legal sufficiency of a pleading so long as such documents are of unquestioned authenticity. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).

29 U.S.C. § 255(a)).    Therefore, Page's claims against Randal Kirk must be dismissed.

### 3.  Attorney Susan Bowman.

Page claims that, "in the seven months [she has] been [incarcerated, Bowman] has yet to even come see [her] or send [her] a letter on [her] probation violation." Compl. 5–6, Dkt. No. 1.  However, an attorney, even when appointed by a court, does not act under the color of state law when representing a defendant in a criminal case.  *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980).  Stated differently, the court of appeals has explained that

> [d]efense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, [*Hall*, at 1155-56], or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

*Ward v. Ghee*, No. 92-6975, 1993 WL 410357, at *1 (4th Cir. 1993) (unpublished). Therefore, any claims against Page's attorney must fail.

Page also refers to an individual, Frank Powle, in the body of the Complaint and states that he has "failed to represent [her] to the fullest." Compl. 6, Dkt. No. 1. To the extent that she intended to name this individual as a defendant and assert claims against him as her attorney, such claims fail for the same reason.[2]

---

[2] *See Nichols v. Bumgarner*, No. 24-7215, 2026 WL 1084251, at *4 (4th Cir. Apr. 22, 2026) requiring the court to add a party as a defendant if the body of the complaint makes clear that the additional party is intended as a defendant.

4.  Officer Bowden and Other Arresting Officers.

Page contends that "Pulaski County Sharriff [sic] Officer came into a public watter [sic] way an[d] arrested [her] for protesting." Compl. 5, Dkt. No. 1.  It appears that Page may be attempting to make a claim for unlawful arrest under the Fourth Amendment.

"The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996). Thus, to state a claim for unlawful arrest or imprisonment under § 1983, a plaintiff must demonstrate that she was detained without probable cause. *Sowers v. City of Charlotte*, 659 F. App'x 738, 739 (4th Cir. 2016) (unpublished).

Page does not allege any facts demonstrating that she was arrested without probable cause.  In any event, once a plaintiff is indicted for charges stemming from the arrest, however, the question of probable cause for the arrest is settled. *Kaley v. United States*, 571 U.S. 320, 327-28 (2014).  According to the Complaint, Page is challenging events that occurred on February 6, 2025.  Public records indicate that Page has been indicted for charges stemming from the arrest on that date and, in fact, the case has reached a final disposition.  Thus, Page's unlawful arrest claims against the Sheriff, Officer Bowden, and any other unidentified officers must be dismissed.

### 5. Superintendent Kimberly Hagg.

Regarding defendant Hagg, Page asserts that she was "forced to watch inmates crying out for help for mental health help an[d] resiving [sic] none." Compl. 5, Dkt. No. 1. Although not listed as defendants, Page also names Officers Bartlet, Shepherd, Rivera, and Bloomer within the same sentence that she mentions defendant Hagg. Page claims that the circumstances attributable to these individuals amount to cruel and unusual punishment.

Notably, Page indicated on the § 1983 form that she was a state pretrial detainee. A claim for cruel and unusual punishment by a pretrial detainee falls under the Fourteenth Amendment as a due process violation. *Short v. Hartman*, 87 F.4th 593, 606 (4th Cir. 2023). To state a claim for deliberate indifference to a medical need under the Fourteenth Amendment,

> a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Id.* at 611. Furthermore, it is "not enough for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." *Id.* at 611–612.

Page has not adequately pled that she has a medical condition or injury that posed a substantial risk of serious harm. In fact, she has not alleged that she has a

-6-

medical issue in any respect.  Rather, she claims that other inmates requested mental health assistance and did not receive services.  It is inherent in the legal standard set forth above that Page must allege deliberate indifference to her own medical condition if she has one.  Furthermore, she has set forth no facts that the named individuals engaged in conduct that resulted in any harm to Page herself.[3]

Even if Page could set forth a claim for deliberate indifference to other inmates' medical needs, Page has failed to allege how any of the named individuals were personally involved in any constitutional deprivation in this respect.  To state a claim under § 1983, a plaintiff must plead facts supporting a reasonable inference that each defendant had "personal involvement" in the alleged underlying constitutional violation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore, "vicarious liability is inapplicable to . . . § 1983 suits," therefore, "a plaintiff must

---

[3] In the event that Page was not a pretrial detainee at the time she filed the Complaint, her claim for deliberate indifference would, likewise, fail under the Eighth Amendment.  To succeed on a deliberate indifference claim under the Eighth Amendment, Page must satisfy both an objective and subjective component.  *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019).  Specifically, "the plaintiff must [allege] that the defendant prison official acted with 'deliberate indifference' (the subjective component) to *the plaintiff's* 'serious medical needs' (the objective component)."  *Griffin v. Mortier*, 837 F. App'x 166, 170 (4th Cir. 2020) (unpublished) (quoting *Gordon*, 937 F.3d at 356) (emphasis added).  However, this different test does not revive Page's deliberate indifference claim where she has not alleged that she has a serious medical need or that the prison officials had actual knowledge of any speculative needs she may have and disregarded them. *Griffin*, 847 F. App'x at 170 ("[A] defendant acts with deliberate indifference if he had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them.") (quoting *Gordon*, 937 F.3d at 357).  Because Page has not alleged any facts to support a claim for deliberate indifference under the Eighth or Fourteenth Amendments, such claims will be dismissed.

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

To hold a supervisory official liable for misconduct by a subordinate employee, the plaintiff must state facts showing that: (1) the defendant had actual or constructive knowledge that subordinate[s]' misconduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff," (2) the defendant's "response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) an affirmative causal link" existed between the defendant's inaction and the plaintiff's constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014).

Page has failed to allege any personal involvement by defendant Hagg in her supervisory role as the superintendent, or by Officers Bartlet, Shepherd, Rivera, and Bloomer. She simply lists the names of these individuals and in the same breath claims that she observed other inmates "crying out for help for mental health help," receiving none. Compl. 5, Dkt. No. 1. Without describing how each individual personally engaged in conduct that deprived Page of constitutional protections, Page's conclusory claims cannot survive. *See Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) ("Conclusory or speculative allegations do not suffice . . . .") (quoting *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 200)); *see also Beaudett v. Cty of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)

-8-

(explaining that, although courts are instructed to construe pro se complaints liberally, "they cannot be expected to construct full blown claims from sentence fragments").

6.  Mental Health Rick and Lexi.

Although Page names "Mental Health Rick" and "Mental Health Lexi" as defendants, the body of the Complaint fails to mention them by name in order to attribute any unconstitutional conduct to them.  To the extent I could construe a claim against these individuals, it appears Page may have intended to make a deliberate indifference claim against them, considering allegations that Page witnessed other inmates requesting mental health services to no avail.  However, under the same analysis as set forth under subsection 5, above, Page's bare bones Complaint fails to plead any personal involvement by these named mental health officials or that they could be in any way liable when Page has not alleged that she has a medical issue or experienced harm.

Accordingly, I will summarily dismiss the Complaint without prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

A separate Judgment will be entered herewith.

ENTER:  May 12, 2026

/s/  JAMES P. JONES
Senior United States District Judge